UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD ALLEN HAMMONDS, | : | 3:12-CV-00236 |
| | : | |
| Plaintiff | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| SUPERINTENDENT B. COLLINS, | : | |
| *et al.,* | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.  Introduction.

The plaintiff, Richard Allen Hammonds, is a state prisoner who is currently

confined at the State Correctional Institution at Smithfield.   His claims in this case,

however, arise from his confinement at the State Correctional Institution at

Frackville.   The amended complaint names 23 defendants and asserts a plethora of

claims.   The Court previously dismissed many claims, but many claims still remain.

The remaining claims include claims that the defendants retaliated against

Hammonds for filing grievances and civil lawsuits, that they denied him medical

care, that they poisoned his food trays, and that they used excessive force against

him.   Hammonds also claims that the defendants kept him in solitary confinement

for years, that his solitary confinement caused his mental state to deteriorate, and that he was denied mental health treatment.

In this Report and Recommendation, we address a motion for summary judgment filed by the corrections defendants.   Hammonds has not filed a response to that motion.   It is recommended that the motion be granted in part and denied in part.   Because Hammonds asserted that he is missing certain of his property and that such is hampering his ability to respond to the motion for summary, we recently reopened discovery.   As such, we recommend that the corrections defendants' motion for summary judgment be denied as to all claims except one without prejudice to the defendants filing another motion for summary judgment after discovery is closed.   We recommend that the motion for summary judgment be granted as to one claim—a due process claim based on the lack of an impartial hearing in connection with disciplinary proceedings—because it is clear from the record that that claim is without merit and because the documents that Hammonds says he is missing are not relevant to that claim.

## II.   Background and Procedural History.

Hammonds names the following 23 individuals as defendants in his amended complaint: (1) Robert B. Collins, the Superintendent at SCI-Frackville; (2) Deputy

Superintendent Kavolchik; (3) Deputy Superintendent Lorady; (4) Grievance Coordinator Damiter; (5) Corrections Classification Program Manager Sweeney; (6) Major Keller; (7) Captain Clark; (8) Alan Santarelli, a psychology manager; (9) Dr. Ingrid Li; (10) Health Care Administrator Vicki Stanishefski; (11) Myron Stanishefski, Vicki's husband and the Health Care Administrator at SCI-Dallas; (12) Mary Alice Kuras, Registered Nurse Manager; (13) Physician's Assistant Nancy Palmigiano; (14) Physician's Assistant Kyle Mummey; (15) Lieutenant Manbeck; (16) Sergeant Hannon; (17) Sergeant Purcell; (18) Corrections Officer Alshefski; (19) Corrections Officer Kramer; (20) Corrections Officer Anspach; (21) Corrections Officer Moss; (22) Corrections Officer Kufro; and (23) Corrections Officer Evans.

In deciding motions to dismiss the amended complaint, the court dismissed the following claims: all claims against Vicki and Myron Stanishefski except the retaliation claims, the 42 U.S.C. §§1983 and 1985 claims against the defendants in their official capacities, the ADA claims against the defendants in their individual capacities, the conspiracy claims, the breach of contract claims, the claims for damages under the Pennsylvania Constitution, the claims based solely on allegations of verbal harassment, the equal protection claims against defendants Mummey and Palmigiano, the retaliation claim against defendant Palmigiano, the retaliation

claims based on misconducts except as to the retaliatory misconduct claim based on misconducts issued by defendant Purcell, the due process claims based on the defendants' failure to interview witness in connection with Hammonds's grievances, the due process claims arising from the process associated with the misconduct hearings except Hammonds's due process claim that that he was unable to obtain an impartial hearing, and the intentional infliction of emotional distress claims against the correctional defendants.   Many of Hammonds's claims, however, survived the motion-to-dismiss stage of the proceedings including his medical and mental health treatment claims, excessive force claims, conditions-of-confinement claims, the bulk of his retaliation claims, his equal protection claims based on the denial of mental health treatment, and one due process claim.

After discovery closed, the corrections defendants filed a motion for summary judgment seeking summary judgment as to the remaining claims against them. Hammonds has not filed a brief in opposition to that motion.   Nor has he filed a response to the corrections defendants' statement of material facts.   He also has not filed evidence in opposition the corrections defendants' motion.

Over the course of several months, Hammonds complained that he was unable to respond to the corrections defendants' motion for a number of reasons.   In that

regard, in April of 2014, Hammonds filed a motion for an enlargement of time and

for a teleconference, and in a brief in support of that motion he stated that he "is

virtually unable to respond to the motion for summary judgment" because of

retaliation on the part of the defendants. *See Docs. 201 & 202.*   More specifically,

he complained that the law library to which he had access was inadequate, thus

interfering with his access to the court.   He also complained that one of the

defendants took his legal materials, books, and newspapers.   Further, he

complained about the conditions of his confinement, that his mail was being

tampered with, and that he was being charged for photocopies of case law.

We held a telephone conference regarding Hammonds's motion, and after

hearing the parties, we directed defense counsel to check on issues surrounding

Hammonds's access to the law library and his mail.   Defense counsel did so, and

she filed a status report.   After considering the discussion at the conference and the

status report, we granted in part and denied in part Hammonds's motion.   We

granted the motion to the extent that Hammonds was granted an extension of time to

respond to the correction defendants' motion for summary judgment, and

Hammonds was ordered to file, on or before June 12, 2014, a brief in opposition to

the correction defendants' motion for summary judgment, a response to their

statement of material facts, and any transcripts, affidavits, or other relevant

documentation in accordance with Local Rules 7.6 and 56.1.   The motion was denied in all other respects.

Instead of responding to the corrections defendants' summary judgment motion, on May 27, 2014, Hammonds filed a response to our order again complaining about purported retaliation.   Then, in early July, Hammonds filed a motion for a teleconference asserting that he had been transferred from SCI-Frackville to SCI-Smithfield but that his property was not transferred with him. According to Hammonds, he had numerous deadlines to meet and his transfer without his property resulted in him having "nothing to defend against defendants and to plaintiff's response to defendant's motion for summary judgment which he hasn't received." *Doc. 212* at 1.   In response, we ordered the corrections defendants to respond to the motion and to address the location of Hammonds's property.

Defense counsel filed a response pointing out that Hammonds was transferred on July 1, 2014, well after the June 12th deadline for his response to the motion for summary judgment.   Counsel further stated that she contacted staff at SCI-Smithfield about Hammonds's property and discovered that the property had not been transferred to SCI-Smithfield.   She suggested, however, that his property would be transferred in due course in accordance with Department of Corrections' policies and that she would would follow up to ensure that Hammonds receives his

6

property.   She also asserted that even though Hammonds was transferred well after his response to the summary judgment motion was due, she would not oppose a request by Hammonds for an extension of time to respond to the motion due to the delay in Hammonds receiving his property at his new institution.

In light of the above, we denied Hammonds's motion for a teleconference, and we informed Hammonds that he may file a motion for a reasonable extension of time *nunc pro tunc*.   On the same day that we denied his motion, Hammonds filed a reply brief stating that his property was not merely delayed, but that officers stole his property and told him that he would not be receiving any of his property. Hammonds also asserted for the first time that he, in fact, filed "his motion in opposition with summary judgment at SCI-Frackville" in compliance with the deadline for doing so. *Doc.* 215 at 2.   He further asserted that the cash slips showing that he mailed his opposition are among the property that is missing, and he asserted that if the Court has not received his opposition it is because of an act of sabotage. The assertion by Hammonds that he mailed his opposition to the correction defendants' motion for summary judgment while still at SCI-Frackville conflicts with his earlier suggestion that his transfer to SCI-Smithfiled without his property was hindering his ability to respond to the motion.

7

On August 5, 2014, Hammonds filed a motion titled "Motion for Leave to File Post Sanctions" in which he stated that, on July 15, 2014, he was called to the property room at SCI-Smithfield to view his property, which had arrived by mail from SCI-Frackville.   He contended that upon inspection he discovered that his "Xerox exhibits" and several other items were missing, and he asserted that this "seriously impeded his litigation in this proceedings." *Doc. 217* at 1.   He requested leave to file a motion for "post sanctions." *Id.*   We ordered the corrections defendants to respond to Hammonds's motion and to address the issue of his missing property.

On August 19, 2014, defense counsel filed a response to Hammonds's motion stating that Hammonds received a box of Xerox copies at SCI-Smithfield, but without a more specific statement by Hammonds as to what is missing, she cannot respond to Hammonds's assertions or attempt to remedy any problem.   The corrections defendants requested that the Court deny Hammonds's motion for leave to file post sanctions.

We then ordered Hammonds to file a reply brief in support of his motion for leave to file post sanctions stating what, if any, documents are still missing and describing such documents specifically giving details of the nature of the missing documents, how many documents are missing, and how any missing documents

have impacted his ability to file a brief in opposition, a response to the corrections

defendants' statement of material facts, and evidence in opposition to the corrections

defendants' motion for summary judgment.   Hammonds filed his reply brief on

September 2, 2014 stating that he is missing the following property: PRC reports;

correspondence from James Barnacle; several affidavits from inmates who

witnessed the corrections defendants retaliating against him; copies of his request

slips to the defendants; and a copy of his complaint.   He asserts that the missing

documents are relevant to various claims of his.

By a separate order, we have granted in part and denied in part Hammonds's

motion for leave to file post sanctions.   We denied the motion to the extent that

Hammonds is seeking sanctions.   We granted the motion to the extent that we

reopened discovery and ordered the corrections defendants to provide certain

documents to Hammonds.   This was done to ameliorate any prejudice to

Hammonds as a result of his missing property.

Given Hammonds's assertion of missing property and the reopening of

discovery, we think that it would be premature to decide the summary judgment

motion with respect to the majority of the remaining claims.   There is one claim,

however, to which the missing property is not relevant.   That claim is Hammonds's

due process claim

### III.   Summary Judgment Standard.

The defendants moved for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Through summary adjudication the court may dispose of those claims that do not present a 'genuine dispute as to any material fact' and for which a jury trial would be an empty and unnecessary formality." *Goudy-Bachman v. U.S. Dept. of Health & Human Services*, 811 F. Supp. 2d 1086, 1091 (M.D. Pa. 2011)(quoting Fed.R.Civ.P. 56(a)).

### IV.   Discussion.

Hammonds presented a number of due process claims in his amended complaint.   All those claims were dismissed, however, with the exception of Hammonds's claims that he was unable to obtain impartial misconduct hearings.

The Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law."   A due process claim requires a two-part analysis.   First, the court must determine whether the interest asserted by the plaintiff is within the scope of protection of life, liberty, or property found in the Due Process Clause. *Shoats v. Horn,* 213 F.3d 140, 143 (3d

10

Cir. 2000).   Second, if the interest is one that is protected by the Due Process

Clause, "the question then becomes what process is due to protect it." *Id.*

    While "[p]rison disciplinary proceedings are not part of a criminal

prosecution, and the full panoply of rights due a defendant in such proceedings does

not apply," when a liberty interest is at stake in a prison disciplinary proceeding, a

prisoner is entitled to the following procedural protections: (1) at least 24 hours

advance written notice of the disciplinary charges; (2) an opportunity, when

consistent with institutional safety and correctional goals, to call witnesses and

present documentary evidence; (3) a written statement by the fact finder of the

evidence relied on and the reasons for the disciplinary action; and (4) where a

prisoner is illiterate or where the complexity of the issues make it unlikely that the

prisoner will be able to collect and present necessary evidence, the assistance of a

fellow prisoner or a staff member. *Wolff v. McDonnell*, 418 U.S. 539, 556, 564-70

(1974).   Due process also requires that there be some evidence to support the

findings of the disciplinary hearing officer. *Superintendent v. Hill*, 472 U.S. 445,

455 (1985).

    Further, and of importance in this case, due process requires that a prison

disciplinary tribunal be sufficiently impartial. *Meyers v. Alldredge,* 492 F.2d 296,

305–07 (3d Cir. 1974).   In the context of a prison disciplinary proceeding, the

11

requirement of an impartial tribunal "prohibits only those officials who have a direct personal or otherwise substantial involvement . . . in the circumstances underlying the charge from sitting on the disciplinary body." *Id.* at 306.   A "generalized critique" of staff impartiality is insufficient to demonstrate the degree of bias necessary to prove a due process violation. *Lasko v. Holt,* 334 F. App'x 474, 476 (3d Cir. 2009).   Furthermore, in the absence of a showing that the hearing officer was "personally or substantially involved in the circumstances underlying the charge" or the investigation of the charge, courts generally decline to sustain due process challenges to disciplinary decisions on claims of staff bias. *Greer v. Hogston,* 288 F. App'x 797, 799 (3d Cir. 2008).

Here, the disciplinary hearing reports indicate that Sharon Luquis was the hearing examiner with respect to Hammonds's disciplinary hearings. *See Doc. 198-9.*   Luquis is not a defendant in this action, and she is not alleged to have had any involvement in the circumstances underlying the charges against Hammonds or the investigation of those charges.   Accordingly, Hammonds's due process claim fails.   We note that none of the documents that Hammonds contends are missing are relevant to this claim.   Accordingly, we recommend that the corrections defendants be granted summary judgment as to this claim.

## V.   Recommendation.

Accordingly, for the foregoing reasons, it is recommended that the motion (doc. 180) for summary filed by the corrections defendants be granted as to the due process claim.   It is recommended that the motion for summary judgment as to all other claims be denied without prejudice to the defendants again moving for summary judgment after discovery has closed.   It is further recommended that the case be remanded to the undersigned for further proceedings.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.   Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local Rule 72.2 shall apply.   A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of September, 2014.


***S/Susan E. Schwab***
Susan E. Schwab
United States Magistrate Judge